CARROLL PERKINS *vs.* ARCHIE ROWE AND LOGS.

Androscoggin.    Opinion January 27, 1923.

*A lien for labor on logs provided by R. S., Chap. 96, Sec. 47, is not destroyed by either selling or sawing the logs within sixty days, provided the identity of the lumber is traceable.*

Manufacturing logs into lumber, the identity being traceable, does not defeat the laborer's lien provided by R. S., Chap. 96, Sec. 47.

Nothing in the statute either in its original or present form suggests a legislative intent to authorize the log owner to defeat the statutory lien either by selling or sawing the logs.

An action to enforce a lien for hauling logs under Chap. 96, Sec. 47 of the R. S., before the court upon an agreed statement of facts.    The defendant, owner of a portable saw mill engaged in cutting and sawing lumber for Lucius M. Perkins and John Stevens in the town of Minot, engaged the plaintiff to haul with his team certain of the logs from where they were cut to the mill.    Two other persons were hauling logs at the same time and the logs thus hauled by all of the parties were piled together in the mill yard and commingled and were manufactured into lumber.

The action was brought and attachment made after the logs were manufactured into lumber, but within sixty days after the last of those hauled by plaintiff arrived at the mill.    The question involved was as to whether the manufacturing of the logs into lumber within sixty days after the last of those hauled by plaintiff were delivered at the mill, destroyed the statutory lien.    The defendant consented to a default.    Personal judgment against defendant Rowe and in rem judgment against the attached logs for seven hundred two dollars and seventy-five cents and interest from the date of the writ.

The case is stated in the opinion.

*George C. Webber*, for plaintiff.

*Frank A. Morey*, for Archie Rowe, principal defendant.

*Harry A. Manser and Neal A. Donahue*, for owners of the logs.

SITTING: CORNISH, C. J., SPEAR, HANSON, DUNN, MORRILL, DEASY, JJ.

DEASY, J. The plaintiff was employed by the defendant Rowe to haul from woods to mill certain logs owned by the defendants, Perkins and Stevens. The logs hauled by the plaintiff were without his agency commingled at the mill with those hauled by other teams and, thus promiscuously mingled, were manufactured into lumber.

It is not disputed that the present action, a lien suit under R. S., Chap. 96, Sec. 47, was begun by attachment after the logs were manufactured, but within sixty days after the last of those hauled by the plaintiff arrived at the mill.

The statute omitting parts not here directly material is: "Whoever labors at . . . hauling . . . logs . . . has a lien on the logs; such liens continue for sixty days after the logs . . . arrive at the place of destination for sale or manufacture."

The commingling of the logs with those hauled from the same cutting by others did not defeat the lien. *Ouelette* v. *Pluff,* 93 Maine, 177. *Spofford* v. *True,* 33 Maine, 283. Indeed counsel for the defense do not by their brief so contend. The owners claim that the manufacture of the logs into boards or other lumber, though within sixty days destroyed the statutory lien. This position is not sound.

There is no reason why mere change of form, identity being readily traceable, should defeat the lien. It is not conceivable that the legislature after holding out to the laborer a promise of a sixty day lien on logs meant to permit the owner at his option to reduce the time limit to a few days or even hours.

But the intent of the Legislature is conclusively shown by the bracketing together of the words "manufacture" and "sale." If manufacturing the logs within sixty days will defeat the lien then a sale within that time will also destroy the lien. But this result would be clearly at variance with the purpose of the law.

The learned counsel for the owners invoke the original (1848) form of the lien law wherein the words "previous to being rafted" appear before the words "for sale or manufacture." It is said that the act in its original form expresses the legislative intent which was not modified when for brevity and simplicity the words "previous to being rafted" were omitted in the revision of the statutes. *Mitchell* v. *Page,* 107 Maine, 388.

Even so the omitted words served simply to identify the "place of destination" in case of river-driven logs (*Sheridan* v. *Ireland*, 66 Maine, 68) and to make it more apparent that no lien for labor upon manufactured lumber was intended to be created.     *Mitchell* v. *Page*, supra.

Nothing in the act either in its original or present form suggests a legislative intent to authorize the log owner to defeat the statutory lien either by selling or sawing the logs.

> *Personal judgment against the defendant Rowe and in rem judgment against the attached logs for seven hundred two dollars and seventy-five cents and interest from the date of the writ.*